Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
alla@kachanlaw.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                    Case No: 1-24-41345-nhl

　　　Gian T Dhillon.,                                Chapter 11

                        Debtor.

-------------------------------------------------------X

## NOTICE OF HEARING ON MOTION TO USE A CASH COLLATERAL

**PLEASE TAKE NOTICE,** that a hearing on the annexed motion, dated May 24, 2024 (the

"**Motion**"), of Gian T Dhillon (the "**Debtor**"), will be held before the Honorable Nancy Hershey

Lord, United States Bankruptcy Judge, **July 9, 2024 at 2:30 P.M.,** in the United States Bankruptcy

Court – Eastern District of New York – Brooklyn, 271-C Cadman Plaza East, Courtroom 3577,

Brooklyn, New York, 11201. The hearing will be held via Zoom. All participants must register

with eCourt Appearances in advance of their appearances. Parties have the option to either dial in

as an audio only participant using the provided Zoom dial-in number or connect by video using

the provided video link.  eCourt Appearances registration is required by both attorneys and non-

attorney participants. Once registered, eCourt Appearances will email the telephone number

and/or video link for the hearing. You may register for hearings weeks in advance, but the

telephone number and/or video link will not be emailed to you until **48 hours before the hearing**

**date.** Those registering with eCourt Appearances for hearings in less than 48 hours should allow

up to 15 minutes after registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE** that any objection to the within Motion must be in writing and must state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel for the debtor so as to be received no later than seven (7) days before the hearing date.

Dated:  Brooklyn, New York                    /s/ Alla Kachan
       May 24, 2024                           Alla Kachan, Esq.
                                          Law Offices of Alla Kachan, P.C.
                                          2799 Coney Island Ave., Suite 202
                                          Brooklyn, NY 11235

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
alla@kachanlaw.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

Gian T Dhillon.,

                Debtor.

--------------------------------------------------------X

Case No: 1-24-41345-nhl

Chapter 11

## APPLICATION FOR AUTHORITY TO USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE.

      Gian T Dhillon, the Debtor and Debtor-in-Possession ("Debtor") by his counsel, Alla Kachan Esq, the Law Offices of Alla Kachan, P.C., as and for its application for use of cash collateral, respectfully represents as follows:

### BACKGROUND

      1.     This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C §§ 1408 and 1409. The statutory basis for the relief requested in this Motion is Bankruptcy Code section 365(a).

      2.     On March 27, 2024 (the "Petition Date"), the Debtor filed with this Court a corporate voluntary petition for relief under chapter 11 of the Bankruptcy code.

      3.     No creditors' committee has been appointed in these cases.

4.    The Debtor established a DIP account, as per the requirements of sections 1107 and 1108 of the bankruptcy Code and has regularly deposited all generated income.

5.    On May 23, 2024, the Debtor's budget was provided to Counsel for the Creditor, 52 Rochester LLC (the "Creditor") for review, offering a monthly cash collateral payment of $3,500.00. The Debtor's proposed budget is attached herein as Exhibit A.

6.    It is the Debtor's intent to make cash collateral payments in the amount of $3,500.00 monthly to 52 Rochester LLC, the Creditor herein, until such time that Creditor and Debtor can reach an agreement, resolving the claim of 52 Rochester LLC against the Debtor.

7.    The Debtor herein seeks the Court's authorization to use cash collateral solely to protect the interest of 52 Rochester LLC until terms of a Settlement agreement can be reached.

### RELEIF REQUESTED HEREIN

8.    By this application, therefore, the Debtor seeks an order of this Court authorizing the Debtor to use cash collateral and declaring the Creditor's interest to be adequately protected in connection therewith.

9.    Section 363(a) of the Bankruptcy Code provides that "cash collateral" includes both cash and cash equivalents in which a Debtor and another entity have an interest.  Section 363(c)(2), in turn, provides that a Debtor may use cash collateral if (a) the other entity with an interest in the cash collateral consents, or (b) the Bankruptcy Court, after notice and hearing, authorizes such use. *11 U.S.C. § 363(c)(2).*

10.    Section 363(e) of the Bankruptcy Code requires that the Debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during the chapter 11 proceedings. *11 U.S.C. § 363(e).*

11.    Under section of the Bankruptcy Code, the Debtor is required to "segregate and account for" the cash collateral. *See* 11 USC 363 (c)(2)-(4).

12.    In this case, the monies derived from the continued use of the Debtor's collateral constitute cash collateral under section 363(a) by virtue of the assignment of monies collected from the continued operation.   However, funds from operations are deposited into the DIP account, are accounted for in the Debtor's monthly operating reports, and are ready to be utilized in making the proposed cash collateral payments.

13.    The Debtor's use of cash collateral in the ordinary course of business will allow the Debtor to preserve and protect the incoming income, and thus the Debtor will be protecting the Creditor's collateral, as found in *In re Pine Lake Village Apartment Co.* 16 B.R. 750, 756 (Bankr. S.D.N.Y. 1982) ".

14.    Pursuant to Bankruptcy Code § 361, as adequate protection and as security for the Lender, the Debtor shall, assign and pay to Lender as and when received, all net amounts received from the operation, as per the budget submitted, commencing on the Entry Date of an Order issued by the Bankruptcy Court granting Debtor use of cash collateral.

15.    The Debtor shall pay directly to 52 Rochester LLC, all payments in whatever amounts they may be, presently in the monthly amount of $3,500.00.

16.    Notwithstanding anything to the contrary contained herein, Debtor reserves its right to claim that the protection provided herein is "adequate protection" for the purposes of Bankruptcy Code § 507(b) or otherwise.

17.    Indeed, in the event that the Debtor cannot use cash collateral, the bankruptcy estate will decline in value, and the very immediate day to day business operations, will suffer, and consequently, seize entirely.

## CONCLUSION

18.     In summary, subject to further order of this Court, the Debtor will (a) use cash collateral only in the ordinary course of business, (b) maintain strict records with respect to the use of cash collateral, (c) furnish each Creditor with monthly operating reports required by the Office of the United States Trustee, and (d) provide each Creditor with a replacement lien on the Debtor's assets to the extent of any erosion of the 52 Rochester LLC cash collateral as a result of the Debtor's use of the earnings.

19.     No prior application has been made or is pending for the relief sought herein.


**WHEREFORE**, the Debtor respectfully requests that the Court authorizes the Debtor's use of cash collateral, pursuant to the Budget annexed hereto, and that the Court grants such other and further relief as the Court deems just and proper.

Dated: May 24, 2024
         Brooklyn, New York

                              LAW OFFICES OF ALLA KACHAN, P.C.

                              By: */s/ Alla Kachan*
                              Alla Kachan (alla@kachanlaw.com)
                              2799 Coney Island Ave., Suite 202
                              Brooklyn, New York 11235
                              Tel. (718) 285-0466

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                          Case No: <u>1-24-41345-nhl</u>

    Gian T Dhillon.,                                  Chapter 11

                                  Debtor.

---------------------------------------------------------X

## ORDER GRANTING THE DEBTOR'S MOTION
## FOR USE OF CASH COLLATERAL

        Upon the Motion, dated May 24, 2024, of the above-captioned debtor and debtor-in-possession (the "Debtor"), for use of cash collateral; and upon consideration of the motion and all pleadings related thereto; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor;

        **IT IS HEREBY ORDERED THAT** the Motion is GRANTED in its entirety; and it is further

        **ORDERED** that the Debtor is authorized to use cash collateral and to make monthly cash collateral payment of $3,500.00; and it is further

        **ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

        **ORDERED,** that this Court may retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# EXHIBIT A

# Proposed Budget of Gian Dhillon

*Estimated Monthly Income: $8,200.00 ($2,700.00 W-2 Form and $5,500.00 rental Income)*

## *Monthly Expenses:*

Grocery $1,500.00
Maintenance $1,000.00
Utilities $1,400.00
U.S. Trustee Fee $70.00
Insurances $700.00
Religious Donations $30.00

*Total monthly expenses*: $ 4,700.00

*Net Income: $* **3,500.00**

*Proposed payment*: **$3,500.00**